ASBELL
*vs*
TIPTON, &c.

---

REPLEVIN.

## Asbell *vs* Tipton and Saml. Beatty, and Howard & Hamilton *vs* Tipton and H. Beatty.

*Case* 94.          ERROR TO THE ESTILL CIRCUIT.

*Pleas and pleading. Distress warrant. Rent. Damages.*

May 19.      JUDGE MARSHALL delivered the Opinion of the Court.

The case stated.      THESE are two actions of replevin, brought, the one by Asbell and the other by Howard & Hamilton, for various articles of personal property siezed by Tipton, a constable, under four distress warrants, of which one purported to be for rent due to Samuel Beatty and the others for rent due to Henry Beatty, upon whose oath all of them

were sued out. The two cases were argued together and the principal questions being the same in both, they will be decided together, making such discriminations as may be necessary.

The first question common to the two cases is, whether, as the distress warrants in this case do not state, that the land for which the rent was claimed, lies in the county in which the justice who issued them resides, or rather because they do not state that they were issued by a justice of the county in which the land lies, they should be deemed ineffectual as a justification to the constable who acted under them.

This question, we think, should be answered in the negative, for the justice having general jurisdiction over the subject, the presumption may be indulged in favor of the jurisdiction actually exercised, that the land for which the rent was claimed lay in the county of which the justice was an officer. It would certainly have been more correct that this fact should have been stated in the warrants; but as it might exist notwithstanding the omission to state it, and as its existence, notwithstanding the omission to state it, would sustain the jurisdiction, we are of opinion that the constable was not bound to presume that the fact did not exist, nor to regard the warrant as void, but was justifiable in siezing property according to its mandate, and would have been justifiable in selling it if the defendants had not interposed the writ of replevin, to stay the sale and to try the validity of the proceeding.

2nd. We are also of the opinion, and it seems to follow from what has been said, that in relying upon the warrant in pleading merely as a justification of the seizure, the constable was not bound to aver the fact that the land was situated in the particular county, because the warrant itself not being void on its face, formed a complete justification, whether the facts, the existence of which it authorized him to presume, did in truth exist or not.

3rd. But in a pleading by way of cognizance, which should show not only that the officer was justifiable in making the seizure, but also that he had a legal right in virtue of the warrant, and of the right of the plaintiff

ASBELL
*vs*
TIPTON, &c.

An officer is justified in levying a distress warrant for rent, tho it do not state that the justice who issued it resides in the county in which the land lies.

In pleading a warrant of distress as justification *for taking property*, officer not bound to aver that the land for which rent was due was situated in the county.

To authorize a judgment *de retorno habendo*, in favor of an officer who has taken property un-

ASBELL
vs
TIPTON, &c.

der a distress
warrant, he
should aver and
prove, that rent
was due for land
in the county, &
such other facts
as show that the
warrant rightful-
ly issued.

therein, to have a return of the goods for the purpose of making sale; we think it was incumbent on him to aver, and if denied, to prove not only that rent was in fact due, for which the distress warrant issued, but also that the other facts existed, which were necessary to show that these particular distress warrants were rightfully issued, so that a sale could be rightfully made under them, and such averments would be necessary even if the facts were fully stated in the warrants. For the statements in the warrants, being wholly *ex parte,* sustain the warrants only so far as they operate as a protection against liability for obedience to their express command, and are no evidence of the facts stated, in a proceeding which involves essentially the question whether they were rightfully issued.

In both of the cases, the cognizances state substantially, though not with the particularity which would be desirable, that the sum named in the warrants was due as rent: but neither of them avers that the rent was due for land in the county, nor is this fact made out in proof, nor is the fact admitted by the replication or plea to the cognizance, which in one case is a mere general denial of the cause of taking alleged, and in the other is the same with the addition of a denial that any rent was due, which denial we do not consider as being embraced in the first issue.

That which is
not denied by the
pleadings need
not be proved.

It follows, that in both cases the cognizances are insufficient to authorize a judgment of return, and as the issue does not, in either case, include the question as to the locality of the land, as to which the proof is also defective, the judgment of return in each case is erroneous. In the case in which the averment of the rent being due was not denied, it was not necessary to prove it. In the other case it was proved.

One in whose
name a distress
warrant issues,
without his au-
thority, is not
responsible, but
landlord or his
agent, who au-
thorizes the issu-
al of a distress
warrant, are par-

4th. In the action in which Samuel Beatty is a defendant, and to which he pleaded *non cepit,* the warrant which issued in his name and for rent due to him, but upon the oath of Henry Beatty, was, on that account, void, and did not, therefore, justify the seizure made under it, and the verdict should have been against him, if he expressly or impliedly authorized the application for the

warrant. The peremptory instruction that the jury should find for him, could only be justified on the ground of a total absence of any evidence conducing to prove such authority, as to which we need not now decide.

But in regard to both cases, it is proper to say that the landlord or his agent, who authorizes the issuing of a distress warrant, must be regarded as a party to the seizure made in pursuance of its mandate, and as subject to damages if the seizure is wrongful.

5th. In the case against Tipton and Samuel Beatty, as the seizure under the warrant, in the name of Samuel Beatty, was illegal, and the plaintiff had a verdict against Tipton for one cent in damages therefor, he was entitled to his costs of suit, so far as they were incurred in the assertion of his right to the property thus illegally seized, and to damages for the seizure; and it was certainly erroneous to render a judgment against him for the defendant's costs incurred in unsuccessfully resisting his right to the extent to which it was established. Should another trial result as the last did, in a verdict for the plaintiff, as to a part of the property sued for, and also entitling the defendants or either of them, to a return of the residue, each party will be entitled to costs incurred in the successful maintenance of his right, and judgment should be rendered accordingly.

6th. Upon the principles already stated, it was manifestly erroneous to instruct the jury, as the Court did in both cases, that they must find for the defendant, Tipton, the value of the property seized, except as to that which was seized under the warrant in the name of S. Beatty.

Wherefore, the judgment in each case is reversed, and each cause is remanded for a new trial, and with directions to allow the pleadings to be amended, should the parties or either of them desire it.

*Turner* for plaintiff: *Hanson* for defendants.